IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VANESSA PACHECO,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL[1], Commissioner of Social Security,<br><br>Defendant. | CIVIL NO. 19-1373 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

On April 17, 2019, Plaintiff Vanessa Pacheco ("Plaintiff") filed the present action to obtain judicial review of the final decision of Defendant Nancy A. Berryhill, the Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security ("Commissioner" or "Defendant"), who denied her application for disability benefits. (Docket No. 1)[2]. On June 25, 2019, Plaintiff consented to appear before a Magistrate Judge for all further proceedings in this case. (Docket Nos. 5, 6 and 7).[3]

Pending before the Court is the Commissioner's Motion to Dismiss (Docket No. 13), alleging that the present case is time barred or in the alternative, that it is not subject to an extension of time or equitable tolling. Also pending are Plaintiff's opposition

---

[1] Andrew Saul has now been named Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d); see also section 205(g) of the Social Security Act, 42 U.S.C. 405(g), "action survives regardless of any change in the person occupying the office of Commissioner of Social Security".
[2] 42 U.S.C. Sec. 405(g), provides for judicial review of the final decision of the Commissioner. "… [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing". Section 205(g).
[3] The United States has already provided a general consent to proceed before a Magistrate Judge in all Social Security cases. Title 28 U.S.C. Section 636(b)(1)(A), (c)(1) and (c)(2); Fed. R. Civ. P. 73(a).

(Docket No. 18) and Defendant's reply to Plaintiff's opposition. (Docket No 19).

After a thorough review, the Court finds that Plaintiff has not alleged facts that could support a finding that she timely filed for an extension of time or that equitable circumstances exist for tolling the statute of limitations.  For these reasons, the Court GRANTS the Motion to Dismiss and DISMISSES WITH PREJUDICE this case.

## FACTUAL BACKGROUND

The present case followed the usual chronology in a Social Security claim. Plaintiff first filed an application for disability insurance benefits, which was denied initially and later, on reconsideration.  Plaintiff then requested a hearing before an administrative law judge ("ALJ"), who issued an unfavorable decision.  A copy of this decision was mailed to Plaintiff.

After receiving the ALJ's decision, Plaintiff asked the Appeals Council for review, which ultimately denied relief.  On December 11, 2018, the Appeals Council mailed its "Notice of Appeals Council Action" ("notice") to Plaintiff, which officially informed her of its decision, to her address of record at 933 Calle Guaraca, Puerto Real, Cabo Rojo, P.R. 00623.  The notice specifically informed Plaintiff of three things.  First, that she had sixty (60) days to appeal the decision if she disagreed with it.  Second, that the letter was presumed to be received within five (5) days from the date thereon, and the burden was on Plaintiff to demonstrate otherwise.  Third, the notice advised her that if she was unable to appeal within that sixty (60) day time frame, she should ask the Appeals Council for an extension of time to do so.  The notice also indicated that Plaintiff must have a

Vanessa Pacheco v. Commissioner of Social Security
Civil No. 19-1373 (CVR)
Opinion and Order
Page  3
_____

good reason for requesting more time than the allotted sixty (60) days for judicial review of her claims.    Plaintiff alleges that she "believes" the time to file her claim was extended via a letter she was unable to find.[4]   However, the Social Security Administration has no record of Plaintiff asking the Appeals Council to extend the deadline to file a civil complaint.    (Docket No. 21, Exhibit 1).

The Commissioner alleges in the Motion to Dismiss (Docket No. 13) that the present case is time barred because Plaintiff failed to file the Complaint within the sixty (60) day window specified in 42 U.S.C. § 405(g).    In addition, the Commissioner avers that, although the sixty (60) day time limit can be tolled for good cause, there is no basis in the present case to do so.

In turn, Plaintiff argues that on February 13, 2019 she visited the Social Security Administration's office in Mayagüez and was told that they could not help her with the appeal.   Plaintiff opted instead to attempt to protect the filing date of her civil claim by sending via certified mail a "Statement of Claimant or Other Person" (the "statement") on February 15, 2019, detailing her efforts in the case up to that juncture and indicating it was her Complaint[5].   Finally, through counsel, Plaintiff filed her Complaint over two months later, on April 17, 2019.

---

[4]  See Docket No 16, p. 1, ¶ 5.
[5]  "Therefore, I hereby file a Complaint with the United States District Court of Puerto Rico naming the Commissioner of Social Security as my Defendant. Meanwhile, I will keep trying to obtain representation to assist me in my appeal". Docket No. 18, Exhibit 1.   In her opposition, counsel for Plaintiff now argues this was a request for an extension of time. Id. at p. 2.

Vanessa Pacheco v. Commissioner of Social Security
Civil No. 19-1373 (CVR)
Opinion and Order
Page  4
_____

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with "'fair notice of what the ... claim is and the grounds upon which it rests.' " Twombly, 550 U.S. at 555, 127 S.Ct. 1955 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary."). Yet, in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See, Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Thus, a plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see, e.g. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

As specifically applied to Social Security cases, the First Circuit has determined

that a Rule 12(b)(6) motion is the appropriate standard where the Commissioner argues for dismissal of a case for failing to timely file. Maldonado Medina v. Comm'r of Soc. Sec. Admin. No. 18-1091, 2019 WL 2710801 at *1 (D.P.R. June 27, 2019) (*quoting* Grant v. Berryhill, 695 Fed. Appx. 592, 593 (1st Cir. 2017)).

In the present case, both parties have presented documents related to Defendant's Motion to Dismiss. While no authority expressly authorizes the submission of evidence at the motion to dismiss stage in an equitable tolling context such as the one present in the case at bar, there is persuasive authority concerning allowing evidence in statute of limitations claims in the regulations, and further, both this district and Circuit have allowed such evidence to be considered at this stage. See 20 C.F.R. § 422.210(c) (to rebut a presumption for when the statute of limitations begins to run, a claimant needs to demonstrate a "reasonable showing to the contrary."); McLaughlin v. Astrue, 443 Fed. Appx. 571, 574 (1st Cir. 2011) (allowing the submission of attorney's copy of a notice); Maldonado Medina, 2019 WL 2710801 at *2 (Court considered new evidence submitted by both sides to support their statute of limitations claims at 12(b)(6) stage).

Therefore, the Court will consider the documents filed by the parties as part of its 12(b)(6) analysis.

## LEGAL ANALYSIS

### A. The sixty (60) day time frame.

Defendant's Motion to Dismiss is brought under 42 U.S.C. § 405(g) which provides in relevant part: "[a]ny individual, after any final decision of the Commissioner of Social

Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

The term "mailing" is defined as the date in which the individual receives the Appeals Council's notice of denial of request for review. See 20 C.F.R. § 422.210(c); 20 C.F.R. § 404.981. The date of receipt is presumed to be five days after the date of the notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c); Maldonado Medina, 2019 WL 2710801 at*2; Lloyd v. Sullivan, 882 F.2d 218 (7th Cir.1989); Matsibekker v Heckler, 738 F.2d 79, 81 (2d Cir. 1984) (noting "[r]ather than commencing on the date notice of decision is mailed to the claimant, the sixty day period starts from the time notice is received by the claimant"). Consequently, unless a claimant can show otherwise, he or she is presumed to have sixty-five (65) days from the date the Appeals Council issues the denial letter to file a civil action to review the decision. Carroll v. Astrue, No. 09-00515, 2010 WL 2133866 at *2, (N. D. Ind. May 24, 2010).

The United States Supreme Court has held that this sixty (60) day requirement is not jurisdictional, but rather is a period of limitations that may be tolled by the Commissioner or the court if fairness so demands. Bowen v. City of New York, 476 U.S. 467, 479-81, 106 S.Ct. 2022, 2030-2031 (1986). Because this limitation period constitutes "a condition on the waiver of sovereign immunity", it "must be strictly

construed." Id. Consequently, 42 U.S.C. § 405(g) "generally precludes late judicial challenge to the denial of benefits." Piscopo v. Sec'y of Health & Human Servs., No. 93-2326, 1994 WL 283919 at *3 (1st Cir. 1994).

However, a late judicial challenge preclusion has its exceptions. It is clear that a party may ask the Appeals Council for an extension of time within which to file a civil complaint, even if that deadline has already passed. The Commissioner, through the Appeals Council, may then grant an extension where a suit was not timely filed because of illness, accident, destruction of records, or mistake; the claimant misunderstands the appeal process or is unable timely to collect necessary information; or the Commissioner undertook action that "misled" the claimant concerning her right to review. See 20 C.F.R. §§ 404.911, 416.1411. In addition, in those rare cases where "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate,'" the Court itself may toll the limitations period. Bowen, 476 U.S. at 480.

The Commissioner argues that the Appeals Council denied Plaintiff's request for review on December 11, 2018 and on that date, mailed the Notice of Appeals Council Action to her to her address of record. For this reason, the Commissioner claims, the deadline to file Plaintiff's complaint in federal court (or to seek an extension for doing so) was February 14, 2019; that is to say, five (5) days granted for mailing, plus sixty (60) days granted by the statute. Plaintiff's statement was sent on February 15, 2019. As such, the Commissioner posits her filing was tardy.

In Plaintiff's opposition, she does not argue that she received the notice on a

different date.    Rather, Plaintiff contends instead that her mailing was timely because it was not due until February 16, 2019.    Plaintiff placed her statement in the mail on February 15, 2019.    Thus, Plaintiff asserts it was timely filed.[6]    The Court cannot agree.

As the Commissioner has explained, where the fifth day in the presumptive period ends on a Sunday, courts have found that the presumptive period does not extend to the next business day. See Nee v. Berryhill, No. 17-11459, 2019 WL 6699454, at *4 (D. Mass. Dec. 9, 2019); Cope v. Colvin, No. 14-882, 2017 WL 1954926, at *2 (N.D.N.Y. May 11, 2017); Rodriguez v. Colvin, No. 15-01627, 2016 WL 3196771, at *3 (E.D. Cal. June 9, 2016).

Plaintiff admits that the Notice denying Plaintiff's request for review was sent on December 11, 2018.    Plaintiff is therefore presumed to have received the Notice five days later, on Sunday December 16, 2018, unless she makes a reasonable showing to the contrary.    Plaintiff has failed to make such a showing.    Hence, the sixty (60) day period to file her complaint would have ended February 14, 2019.    Plaintiff's statement was sent on February 15, 2019, therefore making it untimely.

Further complicating Plaintiff's argument is the fact that the statement Plaintiff mailed on February 15, 2019 to the Office of the General Counsel, the Attorney General of the United States and the US Attorney was not a complaint per se but rather something completely different.    Plaintiff mailed a "Statement of Claimant or Other Person",

---

[6] The Court assumes, as did Defendant, that the reason why Plaintiff posits that the deadline was February 16 was because the presumptive fifth day, December 16, 2018, fell on a Sunday.

indicating, among others, the following: that she had been unable to find legal representation; that she was fully aware of the sixty (60) day period, plus five days in which to file her complaint; that she had decided to file the appeal herself; that said document was her Complaint ("I hereby file a Complaint...") and that she would continue to seek legal representation for her appeal. (Docket No. 18, Exhibit 1).

The Court is cognizant that Plaintiff prepared these documents *pro se* and must be lenient with Plaintiff for that reason. However, the Court cannot determine that the statement sent by Plaintiff on February 15, 2019 was a complaint which complied with the requirements a complaint should have as informed to her in the Appeals Council's denial letter. Plaintiff's statement clearly indicated that she was aware that she had to file a civil action by filing a formal Complaint against the Commissioner of Social Security in the United States District Court, and that she had to deliver copies of the Complaint *and the summons issued by the Court* to the US Attorney of the judicial district where the Complaint was filed.  This assertion in Plaintiff's statement shows that she had knowledge that a complaint had to be filed before this Court and summons issued to be served thereafter.  Nonetheless, the record shows Plaintiff chose to submit a statement instead and then untimely filed a Complaint before this Court on April 17, 2019. Therefore, Plaintiff's actions were procedurally deficient.

Perhaps noting this predicament, Plaintiff's new counsel now argues in her opposition that the statement was instead an extension of time.   (Docket No. 18, p. 2). Even giving Plaintiff the benefit of the doubt and assuming that the statement she mailed

could qualify as an extension of time, her case suffers from the same infirmity previously described. The statement was filed *after* the sixty (60) day period in which to do so.[7]

### B.  Extension of time/equitable tolling.

The Court notes that Plaintiff has not alleged that any of the applicable circumstances to grant an extension of time are present here. She has not alleged illness, accident, destruction of records, or mistake; that she misunderstood the appeal process or was unable timely to collect necessary information; or that the commissioner undertook action that "misled" her concerning her right to review. See 20 C.F.R. §§ 404.911, 416.1411. The most Plaintiff has alleged is that she went to the Mayagüez office of the Social Security Administration and was told they could not help her file her claim. This is not the same as being misled or being unable to timely obtain necessary information, which is the closest Plaintiff can strive for. Quite the opposite, it is rather clear that Plaintiff understood her rights, as she attempted to protect her claim with the mailing of the statement and was explicit in the statement as to the applicable dates (as she understood them). Furthermore, she has failed to explain her inaction for the sixty (60) days before the deadline expired.

The Court then looks at whether Plaintiff has shown that a tolling of this period is proper in her case, and finds it is not. In Bowen, the Supreme Court noted that the 60-day period is subject to equitable tolling that is appropriate only in "rare cases." Bowen,

---

[7] An extension of time can be sought even after the period has lapsed, however, the issue then becomes whether Plaintiff has shown that such an extension was warranted, on in the alternative, if she has shown that equitable tolling is applicable to the case at bar.

476 U.S. at 480. Because it is so rare, the burden of showing that the doctrine applies therefore rests with its proponent. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). And such burden must be met with proof of both the exercise of reasonable diligence in pursuing the underlying rights as well as the concurrence of extraordinary circumstances preventing compliance with an applicable deadline. Maldonado Medina, 2019 WL 2710801, at *3 (*citing* Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. 750, 755 (2016). Equitable tolling is applied on a case-by-case basis, avoiding mechanical rules and favoring flexibility. Ortega Candeleria v. Orthobiologics LLC, 661 F.3d 675, 680 (1st Cir. 2011).

More specifically, in interpreting this rule courts in this Circuit consider the following five factors: (1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party's opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit. See Borgos-Taboas v. HIMA San Pablo Hosp. Bayamón, 832 F. Supp. 2d 121, 125 (D.P.R. 2011)(*citing to* Jobe v. I.N.S., 238 F.3d 96, 100 (1st Cir. 2001)); and Muldoon v. Astrue, 590 F.Supp.2d 188, 194 (D.Mass. 2008) (applying these factors to Social Security case).

In the case at bar, there is no issue as to the notice of the time limit, actual or constructive, because Plaintiff admitted she was quite clear as to that matter in the statement she sent in February 2019.

Regarding diligence, it has been defined as a claimant actively pursuing her claim

during the statutory period, who must also show that she was prevented from filing suit due to extraordinary circumstances.  Heimeshoff v. Hartford Life & Accident Ins., 571 U.S. 99, 114, 134 S.Ct. 604, 615 (2013).   Plaintiff avers she pursued her claim with reasonable diligence but points to no exceptional circumstances that would excuse her tardy filing.   In her brief, Plaintiff admitted that she was aware of her duty to timely file and that she was provided instructions from the court on how to file, but "the employees of the Administration did not properly or adequately attend to the extension of time request by Plaintiff when they informed her they could do nothing".   (Docket No. 18, p. 4).   Plaintiff has not alleged a valid reason to excuse her tardiness nor a valid reason to have waited until literally the last minute to seek guidance from the agency.

Indeed, it was not until a full two months after the statutory deadline had lapsed that Plaintiff finally filed her actual Complaint.   (Docket No. 1).   Additionally, as candidly stated by the Commissioner, an inability to retain counsel does not qualify as an extraordinary circumstance providing a basis for equitable tolling of the deadline here, and Plaintiff points to no caselaw that so holds.   Lewis v. Barnhart, 73 F. App'x 715, 716-17 (5th Cir. 2003).

As to lack of prejudice, the statute of limitations exists precisely to promote efficiency and quick resolution of appeals "due to the vast number of civil actions filed." De Oliveira v. Astrue, Civil No. 10-11905, 2011 WL 7099971, at *4 (D. Mass. Aug. 1, 2011). As applied to the case at bar, even if the Court were to consider the mailing of the statement as a valid extension of time, the Complaint was finally filed on April 17, 2019,

over sixty (60) days past the original due date. Equitably tolling of a complaint filed sixty (60) days after the statute of limitations expired would undermine the Congressional purpose of moving cases to a speedy resolution and would probably increase the number of challenges to the Commissioner's decisions. Id.

As to Plaintiff's reasonableness in remaining ignorant of the time limit, Plaintiff has admitted that she was aware of the sixty (60) day time limit, and explicitly stated so in her statement. Therefore, the balance of these factors does not favor Plaintiff's claims.

Simply put, equitable tolling is reserved for exceptional circumstances when the claimant has satisfied her burden of exercising reasonable due diligence in pursuing her claim. Muldoon, 590 F. Supp. 2d at 194-95. Plaintiff has shown no extraordinary circumstances that would have allowed for an extension of time or equitable tolling in the case, and without a showing of reasonable diligence, her claims cannot go forward. The evidence presented by Plaintiff herself establishes that she was aware she had sixty-five (65) days afforded to her by statute and she still filed a formal Complaint approximately sixty (60) days *after* that initial period had expired. Plaintiff had a total of over one hundred and twenty (120) days to reasonably pursue her claims and file her Complaint. She has failed to produce enough evidence to support why she was unable to timely do so.

In view of the above, the Court finds that Plaintiff has failed to show that the circumstances to grant an extension of time to file her Complaint are applicable here, and further, declines to apply the doctrine of equitable tolling to this case.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Commissioner's Motion to Dismiss (Docket No. 13) and hereby DISMISSES WITH PREJUDICE this case.

IT IS SO ORDERED.

Judgment shall be entered accordingly.

In San Juan, Puerto Rico, on this 17th day of December 2020.

                                        S/CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ RIVE
                                        UNITED STATES MAGISTRATE JUDGE